LUCAS VÉLEZ, Plaintiff and Appellee, v. FÉLIX S. HERNÁNDEZ, Defendant and Appellant.

No. 12144. Submitted June 13, 1958.—Decided June 20, 1958.

*Eudaldo Báez García* for appellant.   *José Sabater* for appellee.

PER CURIAM.

On December 15, 1955 the Superior Court, Mayagüez Part, rendered judgment in this case dismissing a complaint in an action of unlawful detainer.   In its findings of fact it considered as proved the allegations of the complaint and in its conclusions of law it stated that plaintiff had proved that he wished in *good faith* to recover the premises in litigation for some business of his own, pursuant to our ruling in *Heirs of Pérez* v. *Gual,* 75 P.R.R. 361 (1953), and *Roselló Hnos.* v. *Figueroa,* 78 P.R.R. 250 (1955).   However, it rendered judgment dismissing the complaint on the ground that plaintiff had not complied with Administrative Order No. 7 of the Office of the Rent Administrator.   On appeal, we reversed said judgment.   We decided that Administrative Order No. 7 "insofar as [that Order] renders void the notice authentically served on the tenant, pursuant to the

statute—in cases where the owner needs for his own use in good faith the commercial or business premises— . . . is void because it constitutes an unauthorized exercise of power delegated by § 5(d) of the Act (No. 464 of April 25, 1946, 17 L.P.R.A. § 185)."

We remanded the case to the lower court to render judgment pursuant to its findings of fact and conclusions of law, not inconsistent with our opinion. It then evicted the defendant by judgment of the Superior Court, Mayagüez Part, of August 22, 1956. Defendant has appealed from said judgment and contends as sole error the following: "The Superior Court of Puerto Rico, Mayagüez Part, committed error of fact and of law, in deciding that plaintiff had proved that he needed in good faith the commercial premises in this case, to establish in the same, and in the annexed premises, also occupied by defendant, a business of his own, when the evidence and especially plaintiff's own proof, established only facts and circumstances showing the absence of good faith on plaintiff's part."

■ We have weighed all the evidence presented to the lower court and we believe that it proves completely plaintiff's good faith. Still more: the whole of the evidence brought before the lower court leads us to the only conclusion that in this case plaintiff needed in good faith for his own use the business premises occupied by defendant. Hence, the right of the owner of a property to withdraw it from the rental market for his own use was unquestionably established. See *Vélez* v. *Superior Court*, 79 P.R.R. 413, 417–18 (1956); *Roselló Hnos.* v. *Figueroa*, 78 P.R.R. 250 (1955); *Mouriño* v. *Superior Court; Laboy, Int.*, 76 P.R.R. 256 (1954); *Heirs of Pérez* v. *Gual*, 76 P.R.R. 898 (1954); *Heirs of Pérez* v. *Gual*, 75 P.R.R. 361 (1953); *Rivera* v. *R. Cobián Chinea*, 181 F.2d 974 (C.A. 1, 1950).

■ We have no doubt that this appeal, in substance, is completely frivolous. Its only purpose is to allow defendant to remain additional time in the business premises from

which he was evicted. In our judgment, appellant has been manifestly rash in taking an appeal in this case and it is proper to impose on him $500 for attorney's fees on appeal which he must pay to plaintiff-appellee. See 32 L.P.R.A. § 1461; *Géigel* v. *Ramos*, 79 P.R.R. 812, 815 (1957); *Ochoa* v. *Cía. Ron Carioca*, 79 P.R.R. 810, 811 (1957); *Martínez & Márquez* v. *Whitehead & Co.*, 79 P.R.R. 145 (1956); *Pabón* v. *Morales*, 79 P.R.R. 146 (1956); *Martín* v. *Torres*, 79 P.R.R. 370, 371–72 (1956); *García* v. *Hernández*, per curiam decision of November 15, 1956.

The judgment appealed from will be affirmed and appellant is ordered to pay $500 attorney's fees on appeal to plaintiff-appellee .